IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA GIBSON, | No. C 11-2414 SI |
| Plaintiff,<br>v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION** |
| JOHNNY KING, aka JOHN L. KING, | |
| Defendant. | |

On May 17, 2011, *pro se* defendant Johnny King removed this unlawful detainer action from state court. From the face of the complaint, this Court appears to lack jurisdiction. There are no federal claims alleged in the lawsuit. Where there is no federal question jurisdiction, an action is not removable on the basis of diversity of citizenship if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, Mr. King appears to be a citizen of California, and thus removal is improper.[1]

Nor does removal appear to have been proper under 28 U.S.C. § 1443 ("Civil rights cases"), which was cited by defendant in his civil cover sheet. That section provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

[1] Further, even if defendant is not a California citizen, which seems unlikely, there does not appear to be a basis for diversity jurisdiction because the complaint states that it seeks damages less than $10,000, far below the $75,000 amount in controversy necessary to invoke diversity jurisdiction.

28 U.S.C. § 1443. Removal under Section 1443 has been construed very narrowly, and there is nothing in this record that would support removal on this ground. *See City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 827-28 (1966) ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Accordingly, **defendant is ORDERED TO SHOW CAUSE in writing no later than June 17, 2011 why this case should not be remanded to the Superior Court for the County of Mendocino**. If Mr. King asserts that removal was proper and this Court has jurisdiction, he must specifically identify the basis for jurisdiction. Defendant's Emergency Ex Parte Application for Stay of Execution is DENIED, without prejudice to renewal when/if federal jurisdiction is established.

**IT IS SO ORDERED.**

Dated: June 2, 2011

SUSAN ILLSTON
United States District Judge

2